IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE ANGEL ESCALANTE,

       Plaintiff,                             No. CIV S-11-1508 JAM GGH P

   vs.

E. UHREN, et al.,

       Defendants.                     FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Defendants removed this case from state court and previously filed a motion to dismiss. Plaintiff filed a non-opposition to the motion to dismiss but requested an opportunity to file an amended complaint, which the court granted. The amended complaint was dismissed with leave to amend and plaintiff has filed another amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8          A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged." Id.
19         In reviewing a complaint under this standard, the court must accept as true the
20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23  1843 (1969).
24         Plaintiff alleges that his due process protections were violated when he was found
25  guilty of a serious rules violation report (RVR).  Plaintiff states he was denied a postponement,
26  paperwork and the ability to call certain witnesses.  As a result, plaintiff forfeited 30 days of good

time credits, ninety days loss of yard, phone privileges and confinement to quarters.  Plaintiff seeks money damages and the removal of the RVR from his record.

However, plaintiff has not demonstrated that the RVR has been invalidated, expunged or reversed.  In the court's prior screening order plaintiff was advised that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff could not proceed with this action, unless the RVR had been invalidated, expunged or reversed.  Plaintiff was granted leave to amend to address this issue.  Plaintiff's latest complaint is nearly identical to the prior complaints and plaintiff has failed to address the Heck bar.  As it appears that the RVR has not been invalidated, expunged or reversed, this action must be dismissed.

In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

The Supreme Court has extended the Heck bar to § 1983 suits that would negate

1  prison disciplinary proceedings that affect good-time credits.  Edwards v. Balisok, 520 U.S. 641,
2  648 (1997).  A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in
3  his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Id. at
4  646.  So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief
5  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct
6  leading to conviction or internal prison proceedings ) – if success in that action would necessarily
7  demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74,
8  81-82 (2005).

As it clear that further amendment will be useless, this action should be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that this action should be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2011

   /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

esca1508.b2